Argued February 9, affirmed March 2, 1955

ROBERTS LUMBER COMPANY *v.* BRIDGES ET UX.

280 P. 2d 382

*E. B. Sahlstrom* argued the cause for appellants. On the briefs were Thompson & Sahlstrom, Eugene.

*Orval Thompson* argued the cause for respondent and cross-appellant. On the brief were William H. Waterbury, Yachats, and Weatherford & Thompson, Albany.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN and PERRY, Justices.

PER CURIAM.

This is a suit for an accounting brought by Guy Roberts Lumber Company, a corporation, as plaintiff, against Wilkie Bridges and Mildred Bridges, as defendants. Defendants are husband and wife. An accounting was had and judgment was entered in favor of plaintiff and against defendants for the sum of $9,284.22. Defendants appeal and plaintiff cross-appeals.

Plaintiff is a corporation engaged in a general lumber business, including the manufacture and sale of lumber, building materials and other merchandise, at Toledo, Lincoln county, Oregon.

Defendants entered the employ of plaintiff in the spring of 1945 and continued in that employment until the summer of 1946. Defendant Mildred Bridges kept the books for plaintiff, and both defendants sold lumber and other merchandise at retail for and on behalf of plaintiff. Both defendants collected cash payments for merchandise sold. Over the period of time defendants were employed by plaintiff, they handled hun-

dreds of transactions, receiving cash payments aggregating large sums of money. All money received on sales was supposed to pass through the hands of defendant Mildred Bridges so that proper records thereof could be made on the books of the corporation, and then the same was to be deposited in the bank to plaintiff's credit. Defendant Wilkie Bridges received a monthly salary of $400 for his services.

Several freight shipments of lumber were made by defendants in their own names, and the payment therefor was received by them. Also, defendants took lumber and other building materials belonging to plaintiff for their own use in the construction of buildings upon premises owned by them.

In its complaint plaintiff alleged the defendants had received large sums of money out of the sales made of plaintiff's merchandise and had failed to account therefor to plaintiff; also that they had not paid for the building materials used by them for their own purposes. Plaintiff prayed for an accounting.

■ The trial court entered an interlocutory decree ordering defendants to make an accounting. In their accounting, and as a part thereof, defendants alleged that by the terms of his contract of employment, defendant Wilkie Bridges was to receive a monthly salary, plus 10 per cent of the net profits of plaintiff's business. It also was alleged that defendant had not been paid anything as his share of plaintiff's profits, and defendants prayed that plaintiff be required to account therefor. Defendants also alleged that defendant Wilkie Bridges had purchased 100 shares of the stock of the plaintiff corporation, that dividends upon its stock had been paid by the corporation, but that the said defendant had not received payment of any such

dividends on the stock held by him and he asked for an accounting respecting the same.

Plaintiff denied that defendant was to receive any part of the profits of the corporation and also denied that defendant was the owner of the 100 shares of stock of the corporation which he held, alleging that plaintiff had advanced the money for the purchase of those shares and that defendant held the same in trust for plaintiff.

The trial court found against defendants upon their claims respecting the net profits and the 100 shares of stock of the plaintiff corporation. It also decreed that defendants held the shares of stock in trust for plaintiff and ordered immediate delivery thereof to plaintiff. The evidence clearly sustains these findings by the court.

■ This suit was commenced four years after the employment of defendants by plaintiff had been terminated. Defendants contend that plaintiff is guilty of laches. Under all the facts and circumstances of this case, as disclosed by the record, we are of the opinion that this contention of the defendants is without merit.

■ We also are of the opinion that the pleadings and facts in this case justified an accounting in equity. The transactions were numerous and complicated. The exhibits admitted upon the trial completely demonstrate the complexity of the accounting. Also, a fiduciary relationship existed between plaintiff and defendants. Moreover, both parties sought an accounting.

Upon the trial the able and experienced trial judge had the benefit of the testimony of two well-qualified and certified public accountants who had made a thorough examination of all books and records of the parties, covering the period of time defendants were em-

ployed by plaintiff, insofar as the same were available for inspection. A complete audit was difficult to make owing to the absence of some material records. Each party accused the other of being responsible for the poor set of records kept. Apparently, many sales slips had been destroyed. However, after a careful and painstaking consideration of all the evidence in the case, the trial court concluded that defendants were indebted to plaintiff in the sum of $9,284.22, with interest thereon from September 1, 1946, at the rate of six per cent per annum until paid. In support of its cross-appeal, plaintiff argues that it was entitled to judgment for $46,853.80.

■ No good purpose would be served by discussing in detail the voluminous record in this case. We have looked over the exhibits and given due consideration to all the testimony. There were many disputed questions of fact, and resolving those disputes from the evidence was necessary to determine how much money defendants owed plaintiff. Although the suit is tried de novo in this court upon the record, nevertheless, it is well established that upon disputed questions of fact, the findings of the trial court thereon, though in no sense binding upon us, are yet entitled to great weight. From our own independent investigation and consideration of the record, we find no reason for disturbing the decree of the trial court.

Decree affirmed without costs to either party.